# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FAITH TECHNOLOGIES, INC, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 7903 |
| ) | |
| ARLINGTON DOWNS RESIDENTIAL, LLC, ) | |
| ) | |
| Counter-Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Arlington Downs Residential, Inc. (ADR) has sued Faith Technologies, Inc. for allegedly breaching a construction contract. ADR also seeks a judgment declaring Faith's mechanic's lien invalid. Faith has counterclaimed, alleging that ADR breached the contract and seeking to enforce the mechanic's lien. ADR moved to dismiss Count 2 of the counterclaim (the lien enforcement claim) for lack of jurisdiction and failure to state a claim. For the reasons set out below, the Court dismisses Count 2.

## Background

ADR owns property in Arlington Heights, Illinois. On August 18, 2013, in connection with a construction project involving the property, ADR entered into a contract with Faith to perform electrical work. According to Faith, the parties agreed to complete the project within forty-eight weeks with a contract price of $2,658,000. For reasons that are disputed (but not at issue in this motion), the project was not completed according to the expected schedule. Faith alleges that it was prevented,

through no fault of its own, from performing its work by the actions and inaction of ADR and its general contractor, Tishman Construction Corp. ADR, on the other hand, alleges that Faith delayed the project by failing to complete its contractual obligations in a timely fashion. One way or another, it is undisputed that aspects of the project were delayed and that representatives from ADR directed Faith to resequence and accelerate its work. Faith alleges that in an effort to comply, it worked an additional twenty-four weeks beyond the scheduled completion date, ultimately finishing on February 13, 2015. After reviewing the economic impact of the additional twenty-four weeks of work, Faith sent ADR a proposed change order on April 1, 2015.

Faith also contends that it performed services that were not accounted for in the original contract. For example, it alleges it added fire dampers, wall heaters, fire alarm equipment, temporary elevator feeds, and more. It alleges that these services were performed at the request of ADR and Tishman. Faith also alleges that ADR did not pay the amount remaining due on the contract, in excess of $165,000. For this, and based on other alleged breaches of contractual commitments not currently at issue, Faith alleges that ADR owes it more than $1,000,000. ADR denies that Faith is entitled to any additional compensation.

On June 10, 2015, Faith recorded a mechanic's lien on the property with the Cook County Recorder of Deeds. ADR filed its complaint in this lawsuit on September 8, 2015. As indicated earlier, ADR's complaint included a claim for a declaratory judgment that the mechanic's lien is invalid.

On September 10, 2015, ADR sent Faith a notice pursuant to section 34 of the Illinois Mechanics Lien Act, 770 ILCS 60/34(a). The notice requested Faith to file suit

on its lien within thirty days. It included bold-type language stating that "FAILURE TO RESPOND TO THIS NOTICE WITHIN 30 DAYS AFTER RECEIPT, AS REQUIRED BY SECTION 34 OF THE MECHANICS LIEN ACT, SHALL RESULT IN THE FORFEITURE OF THE REFERENCED LIENS." ADR sent Faith the section 34 notice along with its complaint in this case and a waiver of summons form. Faith executed the waiver of summons on or about October 7, 2015, thereby extending the deadline for responding to the complaint from thirty days to sixty days.

Faith admits that it did not file suit to enforce its mechanic's lien within thirty days after receiving the section 34 notice. Rather, Faith filed its answer and counterclaim—including a claim to enforce the lien—on November 4, 2015, a little over fifth days after it received the section 34 notice.

ADR has moved to dismiss Count 2 of Faith's counterclaim, the claim seeking enforcement of the lien. ADR contends that due to Faith's noncompliance with the thirty day deadline set in the section 34 notice, the lien is no longer valid, and Faith lacks "standing" to assert a claim to enforce the lien.

## Discussion

ADR presents its request for dismissal as a matter of subject matter jurisdiction; specifically, it challenges what it refers to as Faith's "standing" to enforce the lien. The Court does not see that as a particularly worthwhile inquiry. Standing, for purposes of the case-or-controversy requirement of Article III of the federal constitution, simply requires a litigant to "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691-92 (7th Cir.

2015) (quoting *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013)). There is no question that Faith has suffered an injury traceable to ADR's conduct—nonpayment by ADR of the amount Faith contends is due—and a decision favorable to Faith quite plainly would redress that injury.

Nor is it either worthwhile, or for that matter appropriate, to talk about whether the Court has "jurisdiction" to enforce the purported lien. In federal court, at least, "the Supreme Court has taken a sharp turn toward confining dismissals for want of subject-matter jurisdiction to cases in which the federal tribunal has been denied by the Constitution or Congress or a valid federal regulation the authority to adjudicate a particular type of suit." *In re IFC Credit Corp.*, 663 F.3d 315, 319 (7th Cir. 2011). Subject matter jurisdiction, as that term is used in federal court jurisprudence, is "about the competence of the tribunal—'competence' in the sense of legal empowerment to decide a case—rather than about the mistakes that litigants and sometimes judges make in a case that is within the tribunal's competence." *Id.*

The Illinois Supreme Court's cases regarding what is and is not appropriately considered "jurisdictional" in this context seem to point in the same direction as federal cases, though perhaps not quite as clearly. *See, e.g., Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 333-41, 770 N.E.2d 177, 184-88 (2002); *see generally, e.g., In re Luis R.*, 239 Ill. 2d 295, 300, 941 N.E.2d 136, 140 (2010). But the Court need not wade into that area. The significant point, for present purposes, is whether, under Illinois law, Faith's mechanic's lien was extinguished because it failed to file its counterclaim seeking to enforce the lien within thirty days after receiving ADR's section 34 notice. The labeling of this question is far less important than determination

4

of its proper answer.

Even though the Illinois courts sometimes refer to compliance with section 34 as a jurisdictional requirement, the Court sees ADR's motion is essentially a motion to dismiss for failure to state a claim, based on an assertion that the lien that forms the basis for Count 2 of Faith's counterclaim is no longer valid. Though motions to dismiss for lack of subject matter jurisdiction provide somewhat greater procedural flexibility than motions to dismiss for failure to state a claim, in the present situation it does not matter: Faith concedes that it received the section 34 notice and that it did not file suit to enforce the lien within thirty days thereafter. The Court therefore proceeds to address the merits of the parties' arguments.

According to ADR, the mechanic's lien ceased to exist when Faith failed to comply with the requirements of section 34 of the Illinois Mechanics Lien Act. Although Faith readily admits that it failed to comply with the time requirements under the Act, it does not agree that its noncompliance invalidated the lien. Instead, Faith argues that its failure to file suit within thirty days after getting the section 34 notice is beside the point because ADR had already put the lien's validity in issue by way of its own claim for a declaratory judgment. Faith also argues that the time period under section 34 is a procedural requirement that, in this diversity action, is trumped by the longer time that the Federal Rules of Civil Procedure gave Faith to respond to ADR's complaint and file a counterclaim. ADR responds that the requirements imposed by section 34 are not procedural but are substantive (ADR uses the term "jurisdictional") and thus apply in a diversity suit in federal court even if they conflict with the Federal Rules, which ADR contends they do not in any event. ADR also seeks $2500 and attorney's fees based

5

on Faith's failure to release the lien.

1. **Section 34 of the Mechanics Lien Act**

Section 34(a) of the Mechanics Lien Act provides as follows:

> (a) upon written demand of the owner, lienor, or any person interested in the real estate, or their agent or attorney, served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited. Such service may be by registered or certified mail, return receipt requested, or by personal service.

770 ILCS 60/34(a). Illinois courts have repeatedly held that the Act is in derogation of the common law and, as such, must be strictly construed. *See, e.g.*, *Vernon Hills III Ltd. P'ship v. St. Paul Fire & Marine Ins. Co.*, 287 Ill. App. 3d 303, 308, 678 N.E.2d 374, 378 (1997). "Illinois courts have held that the time limitations contained in the various sections of the Act are jurisdictional and that there is no right to a lien unless the statutory periods are complied with." *Id.* at 309, 678 N.E.2d at 378. And "unlike statutes of limitation," the date requirements in the Act "are not merely a limitation on the remedy afforded under the Act, but rather a condition that must be satisfied before the right to the remedy under the act exists." *Id.* Thus "the failure of the lienholder to commence suit within 30 days of receipt of a written notice made pursuant to Section 34 of the Act operates to forfeit and remove the mechanic's lien." *Id.* at 308, 678 N.E.2d at 377-78.

Although it admits that it did not comply with Section 34's thirty day deadline for filing suit, Faith argues that the Court should allow its claim to move forward based on the underlying purpose of the Act. The Illinois Supreme Court has long held that the remedial purpose of the act "is to permit a lien upon premises where a benefit has been received by the owner and where the value or condition of the property has been

6

increased or improved by reason of the furnishing of labor and materials." *First Fed. Sav. & Loan Ass'n of Chi. v. Connelly*, 97 Ill. 2d 242, 246, 454 N.E.2d 314, 316 (1983). But *Connelly* specified that the Act should be construed liberally in order to carry out its remedial purposes *only* once its statutory prerequisites have been complied with. *Id.* That is not the case here.

Faith seeks an exception that would allow its lien to remain in effect. It points to *Chicago Whirly, Inc. v. Amp Rite Electric Co.*, 304 Ill. App. 3d 641, 710 N.E.2d 45 (1999), to demonstrate that Illinois courts have allowed exceptions despite section 34 noncompliance. But in *Chicago Whirly*, the party seeking the exception could not file suit against the appropriate party due to the automatic stay imposed by federal bankruptcy statute, which bars suits against a party that has a pending bankruptcy petition. *Id.* at 643-44, 710 N.E.2d 45, 46-47 (citing 11 U.S.C. § 362(a)). The court also relied on another provision of the federal Bankruptcy Code that expressly provides that when non-bankruptcy law fixes a period for commencing a lawsuit that has not expired as of the date of the debtor's bankruptcy petition, then the period does not expire until thirty days after the bankruptcy automatic stay concludes. *Id.* at 644, 710 N.E.2d at 47 (citing 11 U.S.C. § 108(c)). No similar bar to enforcement of section 34's time limit exists in this case.

Faith contends that no useful purpose would be served by enforcing the thirty day requirement of section 34. The statute, Faith argues, requires the lien holder to do nothing more than initiate litigation. But, Faith says, a claim regarding the validity and enforcement of the lien already existed, in the form of ADR's declaratory judgment claim in the present lawsuit. Faith argues that for this reason, it should be excused from

7

compliance with section 34. There is, however, no Illinois case that says that noncompliance with the requirements for enforcement of a lien maybe overlooked in such circumstances. In determining whether to create a new statutory exception, the Court, which sits in diversity jurisdiction, must "use [its] best judgment to estimate how the Illinois Supreme Court would rule." *Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012). As indicated earlier, the Illinois Supreme Court has long made it clear that because mechanic's liens exist only by virtue of statutes, those statutes "must be strictly construed with reference to those requirements upon which the right depends." *First Fed. Sav. & Loan Ass'n of Chi.*, 97 Ill. 2d at 246, 454 N.E.2d at 316 (citing, among other cases, *Schmidt v. Anderson*, (1911), 253 Ill. 29, 33, 97 N.E. 291, 292 (1911)). For this reason, and because Illinois Appellate Court decisions upholding strict construction of the Act's requirements are likewise plentiful, the Court sees no basis in Illinois law to disregard the requirements of the statute simply because one might argue that, in this particular case, its purpose does not require strict construction.

Faith also argues that ADR waived the thirty day timeline when it advised Faith that it would have sixty days to answer the complaint if it waived service of summons. But none of the documents sent to Faith or submitted to the Court provide any indication that ADR offered any such extension for Faith to file its own action (or counterclaim) to enforce the lien. The written demand letter that ADR sent to Faith said, in bold print, that Faith had thirty days to initiate an enforcement action. Illinois courts have declined to impose additional notice requirements that are not contained within the plain language of the statute. *See Vernon Hills III*, 287 Ill. App. 3d at 309, 678 N.E.2d at 378. In declining to impose additional notice requirements in *Vernon Hills III*, the Illinois

Appellate Court wrote, "it was not the responsibility of [the plaintiff] to educate [the defendant] about the operation and effect of the Act." Again, because the Court sits in diversity, it applies Illinois law. Nothing in Illinois law suggests that ADR's service of a waiver-of-summons form operated to waive Faith's compliance with section 34's requirements.

Finally, Faith raises an *Erie* argument, contending that the extended answer period afforded by waiving service under Federal Rule of Civil Procedure 4(d) trumps the shorter period required by section 34 of the Mechanics Lien Act. *See Hanna v. Plumer*, 380 U.S. 460 (1965) (in diversity cases, federal courts apply federal procedural law and state substantive law). The first question, though, is whether there is an irreconcilable conflict between the state and federal rules. *See Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) (declining to apply the *Hanna* analysis in the absence of a direct conflict between a Federal Rule and a state law). The Court sees none. Specifically, the fact that Faith's waiver of service gave it more time to answer ADR's complaint does not conflict with the state requirement for Faith to file suit to enforce its claimed lien within thirty days after getting the section 34 notice, whether it did so by filing a separate suit or by making a counterclaim. And even if there is a conflict, the state-law requirement would still apply under the "outcome-determinative" test applied to decide whether a state law is substantive, and thus enforced in diversity cases, or procedural. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)). Under that test, "the outcome of the litigation in the federal court should be substantially the same as far as legal rules determine the outcome of a litigation, as it

would be if tried in a State court." *Id.* Illinois cases make clear that the time limitations imposed by state statute for enforcement of mechanic's liens are substantive requirements—in the sense that failure to comply results in invalidation of the lien—not mere procedural rules. *See Connelly*, 97 Ill. 2d at 246, 454 N.E.2d at 316 (reaffirming that "the lien is valid *only* if each of the statutory requirements is scrupulously observed"). Thus, under *Erie* and its progeny, the state-imposed time limitation governs in federal court. Indeed, this is generally true of state-imposed time limits on asserting claims. *See Threshermen's Mut. Ins. Co., v. Wallingford Mut. Ins. Co.*, 26 F.3d 776, 780 (7th Cir. 1994). As such, Faith's failure to comply with the date requirements in Section 34(a) extinguished its lien. Count two of Faith's counterclaim therefore fails to state a claim.

**2. Section 35**

ADR argues that it is entitled to $2500 under section 35 of the Mechanics Lien Act and attorney's fees related to the filing and briefing of the motion to dismiss. Section 35 requires a lienholder who fails to initiate suit according to Section 34 to release its lien within 10 days of receiving a written demand by the owner or face a $2500 penalty. 770 ILCS 60/35. ADR sent such a demand to Faith on November 6, 2015. *See* Pl.'s Ex. 11. Faith did not release the lien according to that written demand, nor did it address section 35 in its response ADR's motion to dismiss. But the application of section 35 has nothing to do with whether Faith's counterclaim states a viable lien enforcement claim, and thus it is not properly before the Court on ADR's motion to dismiss the counterclaim. The Court will address that issue if and when it is properly raised.

10

**Conclusion**

For the foregoing reasons, the Court grants plaintiff's motion to dismiss Count II of the counterclaim, but declines to rule on the arguments related to fees and penalties [dkt. no. 13].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 26, 2016